964 So.2d 238 (2007)
FLORIDA ESTATE DEVELOPERS, LLC, Appellant,
v.
The BEN TOBIN COMPANIES, LTD., a Florida Limited Partnership, Jo Jo's Mojo of the Florida Keys, LLC, a Florida Limited Liability Corporation, Jo Jo's of the Florida Keys, LLC, a Florida Limited Liability Corporation, Mark A. Tobin and Jason Tobin, Appellees.
No. 4D06-14.
District Court of Appeal of Florida, Fourth District.
September 5, 2007.
*239 Duncan J. Farmer and Alan Burger of Burger, Farmer & Cohen, P.L., and Patrick E. Quinlan of Searcy Denney Scarola Barnhart & Shipley, P.A., West Palm Beach, for appellant.
Jane Kreusler-Walsh of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Vincent E. Damian, Jr., of Salomon, Kanner, Damian & Rodriguez, P.A., Miami, and John P. Seiler of the Law Offices of Seiler, Sautter, Zaden & Rimes, Wilton Manors, for appellees.
COLBATH, JEFFREY, Associate Judge.
Florida Estate Developers, LLC ("FED") appeals an order dismissing with prejudice all five counts of its Third Amended Complaint against defendants/appellees The Ben Tobin Companies, Ltd. ("BTCO"), Jo Jo's Mojo of the Florida Keys, LLC, Jo Jo's of the Florida Keys, LLC, Mark A. Tobin, and Jason Tobin on the ground that the complaint failed to state a cause of action. We affirm the dismissal of Counts I, II, III, and V without further comment; we reverse the dismissal of count IV and write solely on this issue.
In Count IV of its Third Amended Complaint, FED alleges a breach by BTCO of Florida Statutes sections 608.4225 and 608.423. Specifically, FED alleges that BTCO breached the duties of loyalty and care mandated by these statutes.
Section 608.4225 provides that, subject to sections 608.4226 and 608.423, each manager and managing member of a limited liability company "shall owe a duty of loyalty and a duty of care to the limited liability company and all of the members of the limited liability company." § 608.4225(1), Fla. Stat. However, the statute specifically limits the duties of loyalty and care.
(a) Subject to s. 608.4226, the duty of loyalty is limited to:
1. Accounting to the limited liability company and holding as trustee for the limited liability company any property, profit, or benefit derived by such manager or managing member in the conduct or winding up of the limited liability company business or derived from a use by such manager or managing member of limited liability company property, including the appropriation of a limited liability company opportunity.
2. Refraining from dealing with the limited liability company in the conduct or winding up of the limited liability company business as or on behalf of a party having an interest adverse to the limited liability company.
3. Refraining from competing with the limited liability company in the conduct of the limited liability company business before the dissolution of the limited liability company.
(b) The duty of care is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law.
§ 608.4225(1)(a)-(b).
Section 608.423 provides that members of a limited liability company may enter into an operating agreement to regulate the affairs of the limited liability company, and that "[t]o the extent the operating agreement does not otherwise provide," chapter 608 governs the relations among the parties. § 608.423(1), Fla. Stat. While an operating agreement is permitted by law, such an agreement may not

*240 (a) Unreasonably restrict a right to information or access to records under s. 608.4101;
(b) Eliminate the duty of loyalty under s. 608.4225, but the agreement may:
1. Identify specific types or categories of activities that do not violate the duty of loyalty, if not manifestly unreasonable; and
2. Specify the number or percentage of members or disinterested managers that may authorize or ratify, after full disclosure of all material facts, a specific act or transaction that otherwise would violate the duty of loyalty;
(c) Unreasonably reduce the duty of care under s. 608.4225;
(d) Eliminate the obligation of good faith and fair dealing under s. 608.4225, but the operating agreement may determine the standards by which the performance of the obligation is to be measured, if the standards are not manifestly unreasonable;. . . .
§ 608.423(2)(a)-(d).
With regard to section 608.423, the statute authorizes the parties to execute an operating agreement, but then places restrictions on that operating agreement. Nowhere in Count IV does FED allege that the parties executed an operating agreement in violation of the restrictions set forth in section 608.423. For this reason, the allegations set forth in Count IV fail to state a cause of action for breach of section 608.423.
Moving on to whether FED successfully alleges a cause of action for breach of section 608.4225, we address individually the allegations made in Count IV of the Third Amended Complaint. In paragraph 61(a), FED alleges that BTCO violated the statute by engaging in self-dealing with respect to a parcel of land deeded to BTCO. However, the deeding of the property to BTCO was an express part of the parties' August 2002 operating agreement, and FED's allegations do not support its claim for breach of section 608.4225.
FED alleges in paragraph 61(b) that BTCO violated section 608.4225 by causing the LLCs to enter into a usurious loan. The allegations of the Third Amended Complaint do not demonstrate a usurious loan transaction; therefore, the allegations of paragraph 61(b) fail to state a cause of action for breach of the statute.
In paragraphs 61(c), (d), and (e), FED alleges that BTCO breached section 608.4225 by "failing to account to the Members of the LLC for the operation of the LLCs," "failing to make payments or give credit for repair and improvements to the Property by FED or to otherwise account to Plaintiff for such repairs or improvements," and "unreasonably depriving members of the LLC with information concerning the LLCs and access to LLC records." Elsewhere in its Third Amended Complaint, FED alleges that BTCO failed to provide to FED any accounting of monies received, and failed to credit FED with the value of restoration and renovation work. Additionally, FED alleges BTCO failed to provide supporting documentation with regard to BTCO's capital contribution to the parties' business deal and its re-financing of the loan made to FED. The duty of loyalty imposed upon a managing member specifically includes "[a]ccounting to the limited liability company." § 608.4225(1)(a)1. Viewing FED's factual allegations in light of this explicit duty, we agree that they are sufficient to support a cause of action for breach of the statute.[1]
*241 Finally, in paragraph 61(f), FED alleges BTCO violated section 608.4225 by "failing to deal with members of the LLC in good faith." While this allegation alone is insufficient to state a cause of action for breach of the statute, factual allegations made elsewhere in the Third Amended Complaint sufficiently allege the type of intentional misconduct that will support a cause of action for breach of the duty of care under section 608.4225.
Based on the above, we affirm the dismissal with prejudice of paragraphs 61(a) and (b) of Count IV of the Third Amended Complaint. We reverse the dismissal of paragraphs (c), (d), (e), and (f), and remand to the trial court the causes of action set forth therein.
Affirmed in part, Reversed in part, and Remanded.
STONE and TAYLOR, JJ., concur.
NOTES
[1] We note, however, that to the extent that paragraph 61(e) alleges a denial of access to LLC records, such a claim should be brought against the LLCnot the managing memberpursuant to section 608.4101, Florida Statutes. See § 608.4101, Fla. Stat. (imposing duty on LLC to keep certain records, including tax returns and financial statements); Merovich v. Huzenman, 911 So.2d 125, 128 (Fla. 3d DCA 2005).